## O'Maley *versus* Borough of Freeport.

1. Where an act incorporating a borough confers upon the authorities all powers necessary " for the well ordering and better government of said borough," the power conferred is sufficiently comprehensive to cover every regulation necessary for the government of the borough and protection of its citizens, and the only limitation of this power is that it must be exercised in a reasonable, lawful and constitutional manner. If these limitations are not transgressed courts cannot interfere with the ordinances of such a municipality, for the burgess and council will be left to a reasonable discretion, and, for the proper and wholesome exercise thereof they are accountable, not to the courts, but to the people they represent.

2. An ordinance of said borough requiring people to buy and sell coal by weights and measures is reasonable, lawful and constitutional.

3. An ordinance of said borough requiring the payment of five cents per load for weighing coal bought and sold and the use of the borough scales, is not in the nature of a tax and is within the charter powers of the borough.

4. Fisher *v.* Harrisburg, 2 Grant 291, followed.

[O'Maley *v.* Borough of Freeport.]

October 25th 1880. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

Appeal from the Court of Common Pleas of *Armstrong county:* Of October and November Term 1880, No. 233. In Equity.

Bill in equity filed by James O'Maley against the borough of Freeport and others. Defendants demurred to the bill.

The facts are sufficiently stated in the following opinion of Neale, P. J.:

" These proceedings arise from the attempted enforcement of an ordinance of the borough of Freeport, passed the 4th of February 1878, relating to the sale and delivery of coal, &c., in the borough of Freeport. The bill filed by the plaintiff, avers: 1. That he is engaged in mining and the coal business in said borough, and that he has contracts for delivery to sundry persons in said borough. 2. That his customers do not require the same to be weighed, and that it would be inconvenient to do so. 3. That on the 4th of February 1878, the burgess and town council of said borough passed an ordinance, to take effect from and after the 4th of March 1878, requiring the weighing of coal and the payment of five cents for each load delivered in said borough, and also imposing a fine of $5 for the first offence and $10 for each succeeding offence, &c. 4. That the charter of said borough was confirmed by Act of April 8th 1833; that the same does not authorize said ordinance. 5. That said defendants have sued plaintiff, and are seeking to enforce said ordinance. 6. Prayer for injunction to restrain and prevent the enforcement of said ordinance.

" The answer of defendants—1. Admits facts of ordinance and its enforcement. 2. Demurs *to* third paragraph. 3. Denies allegations of fourth paragraph. 4. Have erected scales, &c. 5. Alleges compliance on part of plaintiff with ordinance. 6, 7. Alleges that ordinance is supplement of an ordinance passed April 19th 1864. 8. Ordinance necessary for the welfare of the residents of said borough. 9. Borough changed and under general borough law since September 6th 1878.

" In considering the question involved in this controversy, we are confined to the simple duty of construing the Act of Assembly incorporating the town of Freeport, approved April 8th 1833, Pamph. L. 320.

" The section relating to the powers of the burgess and council and the part that is pertinent to this inquiry is in these words :

" ' Section 7. And be it further enacted by the authority aforesaid, that the town council, so chosen, or a majority of them, of which the burgess shall in all cases be chairman and have the casting vote, or in case of his absence, inability or refusal to act, the assistant burgess shall have full power and authority to make and enact such ordinances, rules and regulations as may be necessary

for improving and keeping in order the streets, lanes, alleys, roads, public squares, wharves, landings and common ground belonging to said town within the said borough, or removing nuisances or obstructions therefrom, and the same to annul, alter or make anew, as occasion may require; and also annually to appoint a town clerk, treasurer, and such other officers as may be deemed necessary; and also to assess and levy a tax for the said purposes, and shall have all other powers necessary for the well ordering and better government of the said borough.  Provided, that the said ordinances, rules and regulations shall not be repugnant to the Constitution or laws of the United States or of this Commonwealth,' &c., &c.

" Section 13 relates to general powers of burgess, &c., and sheds some light on the construction of the whole act.

" It will be perceived that the first part of section 7 confers the power of taxation for the improvement, repairs, &c., of streets, lanes, wharves, &c. ; and the next part of same section is of a more general import, and authorizes the enactment of ordinances for the ' well ordering and better government' of said borough. The words of an Act of Assembly as well as those of an ordinance, deed or will, are always to be taken as having a meaning, if such act or instrument is susceptible of construction, which will give force and effect to all the words, and only when they are unintelligible or obviously insensible are they to be distinguished.

" The first part of section 7 clearly presents certain objects for which taxes may be levied, assessed and collected.  But it is clear that if the powers conferred by that part were to be limited to those expressed objects, the charter would be a dead letter so far as many essentials in the ' well ordering' and ' better government' of the borough would be concerned.  We see no power conferred by which the dangers of fire could be averted.  An engine could not be bought, or an engine house erected; and yet this should be of first consideration as to the protection of the property of the citizens as *salus populi suprema est lex*.  Anticipating, therefore, the various exigencies of municipal existence, the additional clause was added, which, if it has a meaning, and we cannot doubt that it has, carries with it a power beyond and different from those in the preceding clause, and conferring additional power, the purview of which is the ' well ordering' and 'better government' of the borough ; incidental to which, and a necessary sequence of laying of tax is the collection of money.  It is, therefore, clearly in the power of the burgess and council to create such ordinance and by-laws as may be conducive to the ' well ordering' and ' better government' of the borough ; and incidentally they are empowered to provide for the necessary expenses that may attend and effectuate such enactment.

" In the present instance we have only the ordinance before us

[O'Maley v. Borough of Freeport.]

which applies to the weighing of coal by borough authority, and payment therefor, as well as the penalty imposed for violation of the ordinance. It does not express the object or the application of the revenue thus to be derived. In the absence of any averment to the contrary, or evidence, it is presumably for some purpose within the chartered powers of the municipality. It therefore only remains to inquire whether the method resorted to to raise this money is ultra vires or not. The rule applying to the passage and enforcement of ordinances would seem to be that they must be reasonable and not in restraint of trade. In the case of Commonwealth v. Gas Co., 2 Jones 319, the charter provided 'to make, ordain, constitute and establish such and so many laws, ordinances and regulations as shall be necessary for the governing of the districts and the welfare thereof;' in effect, the same as those contained in the present charter. Justice ROGERS construes the powers thus conferred to be 'full' and 'plenary.' That case cites the cases of Village of Buffalo v. Webster, 10 Wend. 95 ; Bush v. Seabury, 8 Johns. 418 ; Brooklyn v. Cleves, Lalor 231 ; Brooklyn v. Buslin, 57 N. Y. 591, and Stokes v. City of New York, 14 Wend. 87, relied upon by defendants as authority here. When a by-law of an incorporated town forbids the hawking about or selling by retail within the bounds of the corporation, except at the public markets and within distances thereof, the sale of a quarter of lamb to a grocer at a place not within the allowed limits, and taking goods in payment, is a violation of the ordinance, subjecting the seller to the penalty imposed: Village of Buffalo v. Webster, 10 Wend. 95. The ordinance under which the decision was rendered provided ' that the trustees are authorized to make such prudential by-laws as they may deem proper relative to the good government of the village.'

"In Stokes v. New York City, 14 Wend. 87, it is decided ' that the ordinance of the city requiring anthracite or hard coal to be weighed by weighers appointed by the corporation is a valid by-law, not unreasonable or in restraint of trade ; and a penalty imposed for a violation of it may be enforced by action.' ' A municipal corporation has power to make sewers without any special authority given with that view ; and, having made them, it may, by general rules independent of its general taxing power, regulate the use of them, and the price at which any private person may tap them, and protect them by proper penalties against invasion or injury :' Fish v. Harrisburg, 2 Grant 297 ; Greensburg v. Young, 3 P. F. Smith 280 ; Williamsport v. Commonwealth, 3 Norris 487 ; 1 Dill. Mun. Cor., chap. 12.

" The law, as gathered from all authorities, fixes as one of the essential qualities of a valid ordinance that it must be reasonable. Construed in this light, is it reasonable to demand the payment of a fixed price for weighing a specified commodity in daily and gen-

[O'Maley *v.* Borough of Freeport.]

eral use, and necessary for the convenience and comfort of the citizen ? Each taxpayer, whether he owns or uses a vehicle or not, under the ordinary taxing powers of the borough is compelled to contribute more or less to the improvement and repair of the public streets. The streets, however, are free to all, and any ordinance restraining their use would be unreasonable and invalid, but not so if a class of persons amongst whom this use is more general were required by a general ordinance to contribute something for the privilege, provided that it be not unreasonable or in restraint of trade. Examining the ordinance in question, the amount demanded would not seem unreasonable, more especially as it is within the power of the persons so charged to demand the equivalent, either specifically or by an increased charge, from the purchaser; while by the means thus used the actual value of the article is ascertained and a *quid pro quo* rendered by the borough, at whose expense the scales are erected and the weighmaster maintained, thus affording security to the purchaser and vendor alike. Similar ordinances, though under greater statutory powers prevail in every city, authorizing not only the weighing but the inspection of nearly every article of food, which not only custom but general good resulting therefrom vindicate as reasonable and absolutely necessary. No one will assert that a pound less of flour or butter is sold or consumed than if it were not weighed and inspected, demonstrating that no restraint of trade thereby resulted.

" Therefore the ordinance in this case appearing reasonable and not in restraint of trade, and the charter appearing to confer upon the authorities sufficient power, we are not moved to declare the ordinance void, and especially since the same question appears to have been adjudicated by so excellent and able a jurist as Judge Buffington, who seems to have entertained the same opinion. Vide proceedings in case of the Borough of Freeport *v.* John McCue, No. 96, March term 1867."

The court entered a decree in accordance with this opinion, when O'Maley took this appeal and assigned said decree for error.

*David Barclay*, for appellant.—The power claimed under this ordinance must be contained in the charter of the corporation or be a necessary incident to its existence: 2 Bac. Abr. 445. Corporations can only act in accordance with the power conferred on them, unless the power is by the common law an incident of the corporation: Thompson *v.* Schermerhorn, 2 Seld. 92; Mayor of New York City *v.* Ordrenan, 12 Johns. 122; City of Williamsport *v.* Commonwealth, 3 Norris 494. It cannot be pretended that the act in question contains any express power to pass such a by-law. Toll payable is not an incident, and must be granted in the charter : 4 Bac. Abr. 158. Nor to levy a tax upon a countryman who sells and

delivers a load of hay: Kip v. City of Paterson, 24 N. J. Law Reports (2 Dutcher) 302. This ordinance is a species of taxation: Hammett v. Philadelphia, 15 P. F. Smith 146. The taxing power is an incident of state sovereignty, and a relinquishment of it cannot be presumed in the absence of express stipulation: Bank of Pennsylvania v. Commonwealth, 7 Harris 144. But is the ordinance applicable to the appellant? It must be strictly construed. "All persons selling and delivering coal in the borough." O'Maley's contract was made in Pittsburgh. He delivered in the borough only. In the acts of incorporation by our legislature express power is granted in the charters for the establishment and control of markets and market houses: Act to incorporate Kensington, Pamph. L. 1820, 54, sect. 36; to incorporate the Northern Liberties, Pamph. L. 1819, 129, sect. 35; to incorporate the town of Waynesburgh, in Franklin county, Pamph. L. 1818, 7, sect. 6. The cases cited by the court are distinguishable from the one at bar.

. G. D. Findley, for appellees.—The power to make by-laws is incidental to the whole body of every corporation; and, therefore, if a charter gives a select body a power to make by-laws touching certain matters therein specified, that does not take away from the body at large their incidental power to make by-laws touching other matters not specified in the charter: 2 Jacobs's Fisher's Dig. 2547; Rex v. Westwood, 2 Dow & Clarke 21. A municipal corporation is a government possessing power of legislation, and is charged with a general care for the welfare of the people: Williamsport v. Commonwealth, 3 Norris 494. The officers of the corporation are the best judges of the necessity of the ordinance: Fisher v. Harrisburg, 2 Grant 296. If any doubt exists as to the necessity and reasonableness of the ordinance, it must be solved in favor of the corporation which represents the public: 2 Grant 295; 11 Peters 544; 1 Am. Law Jour. 362. Laws requiring articles to be inspected, or weighed and measured before being sold, are in the nature of police regulations, and are valid in the absence of special constitutional provisions. When reasonable in their nature they are not regarded as being in restraint of trade: 1 Dill. Mun. Cor., ch. 12, p. 420. The weight of authority clearly shows that the ordinance in question is necessary, reasonable, and not in restraint of trade, and does not impose a tax; would not then the power to pass it belong to the incidental or common-law rights vested in every municipal corporation for the protection and good of the public, without the word "market," or such like express term in the general welfare clause of section 7 above mentioned?

Mr. Justice GORDON delivered the opinion of the court, November 8th 1880.

[O'Maley *v.* Borough of Freeport.]

This case was determined in the court below on a demurrer to the bill, hence in this court it must stand or fall on the face of the bill. So far as we can discover, nothing has been put in issue by the pleadings but the power of the borough to make an ordinance, such as the one in controversy. The counsel for the plaintiff, in his argument, inter alia, contends for a strict construction of the ordinance; that it is operative only upon those who both *sell and deliver* coal within the borough limits. If, however, for argument's sake, we admit of a construction so exceedingly strict as this, nevertheless by the bill it does not appear but that the plaintiff both sold and delivered his coal within the borough limits. The argument thus assumes facts not found in the case. Moreover, the plaintiff bases his complaint not upon any improper construction of the ordinance itself, nor upon the fact that it lacks applicability to his case, but upon the broad ground that the borough council had no power to make a regulation such as this. But a proposition of this kind is refuted by the act of incorporation itself. The seventh section of that act expressly confers upon the municipal authorities all powers necessary " for the well ordering and better government of said borough."

That the power here conferred is sufficiently comprehensive to cover every regulation necessary for the government of the borough and protection of its citizens, cannot, we think, be doubted. The only limitation of this power is, that it must be exercised in a reasonable, lawful and constitutional manner. If these limitations are not transgressed courts cannot interfere with the ordinances of this municipality, for to the burgess and council must be left a reasonable discretion, and for the proper and wholesome exercise thereof they are accountable, not to the courts, but to the people whom they represent: Fisher *v.* Harrisburg, 2 Gr. 291. Does, then, the ordinance complained of come within the limitations above named. We think with the learned judge of the court below that it does. Indeed, we cannot understand how any one can take exception either to the reasonableness, lawfulness or constitutionality of a regulation requiring people to buy and sell by lawful weights and measures rather than by guess. A proposition such as this is too plain for discussion; it is determined at once by the application of the ordinary principles of fair dealing and common sense.

Again, the allegation that the charge of five cents per load for weighing and the use of the public scales is in the nature of a tax, and, therefore, not within the charter powers of the borough, is unsound. Such charge is not a tax any more than is a charge for for the use of a stall in a market-house, or for a stand upon a public street. It has less the character of a tax than an ordinance compelling occupants or owners of houses bordering on certain streets to keep their sidewalks clear from snow. It is no

[O'Maley v. Borough of Freeport.]

more of a tax than is a charge for the use of a public sewer, and yet all the above-mentioned impositions have been held not to be an exercise of the taxing power, but as in the nature of police regulations : 1 Dill. Mun. Cor. 424; Fisher v. Harrisburg, supra; Wartman v. Philadelphia City, 9 Casey 202. But in the case in hand, in the absence of the fact that the plaintiff or his customers had scales of their own on which his coal could be weighed before delivery, the charge was but a reasonable compensation for the services of the borough in doing that which he at all events was bound in good faith to do.

Decree affirmed at costs of appellant.