## Philadelphia *v.* Brabender.

*Municipalities—Powers of the city of Philadelphia—Casting advertisements and hand bills in vestibules—Acts of March 11, 1789, 2 Sm. L. 462, and February 2, 1854, P. L. 21.*

Under the Acts of March 11, 1789, 2 Sm. L. 462, and February 2, 1854, P. L. 21, the city of Philadelphia has power to enact reasonable ordinances for the protection of the public in their right to the free and safe use of the highways of the city, and in pursuance of such power it may by ordinance forbid the casting of any paper, advertisement, hand-bills, circulars or waste paper not only upon the streets, but also into the vestibules of dwelling houses. Where such an ordinance does not forbid the delivery of circulars to individuals, and excepts from its operation circulars enclosed in addressed envelopes and newspapers, it is not open to the objection that it destroys the business of distributing circulars, and thereby violates the bill of rights. Nor does such an ordinance make an invidious discrimination impairing the equal rights of all persons.

The limitations of the powers conferred upon municipal corporations are that they must be exercised in a reasonable, lawful and constitutional manner. If these limitations are not transgressed courts cannot interfere with the ordinances of the municipality, for to the mayor and council

must be left a reasonable discretion, and for the proper and wholesome exercise thereof, they are accountable not to the courts, but to the people.

Argued Dec. 14, 1900.  Appeal, No. 242, Oct. T., 1900, by defendant, from judgment of C. P. No. 1, Phila. Co., March T., 1900, No. 922, for plaintiff on case stated in case of Philadelphia v. Edward Brabender.  Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.  Affirmed.

Case stated to determine the validity of a municipal ordinance.

The case stated was as follows:

Whereas, Edward Brabender, a citizen of Pennsylvania and a resident of Philadelphia, was on April 17, 1900, arrested by a policeman of the city of Philadelphia, without a warrant, while placing an advertisement in the vestibule of houses in the city of Philadelphia; and

Whereas, Edward Brabender, a distributor of circulars, was brought before the Honorable Thomas W. South, a magistrate in and for the city of Philadelphia, sitting as committing magistrate of the Central Station in said city, on April 17, 1900, charged with a violation of an ordinance hereinafter mentioned, which hearing was continued to April 30, 1900, when judgment was rendered against him by the said magistrate, Thomas W. South, for the sum of $20.00; and

Whereas, an appeal was allowed by the Hon. CRAIG BIDDLE, President Judge of court of common pleas, No. 1, for Philadelphia county, which appeal has been duly filed of record in said court, and is now pending therein—

Now, to wit: June 6, 1900, it is agreed by and between the city of Philadelphia, acting through its solicitor, John L. Kinsey, Esq., on the one part, and the above named Edward Brabender on the other part, that the following case be stated and filed in said case ·in said court for the opinion of the court. Said case stated to be treated as a special verdict therein.

1. That an ordinance of the city of Philadelphia which has been lawfully passed by the select and common councils of said city was approved by the Hon. Samuel H. Ashbridge, mayor of said city, on March 31, 1900, the said ordinance being in the words following:

"AN ORDINANCE.

"To amend an ordinance entitled 'An Ordinance supplementary to an ordinance entitled '"An ordinance relating to nuisances, approved September 23, 1864, approved the 7th day of March, A. D., 1882."

"Section 1. The Select and Common Councils of the City of Philadelphia do ordain, That the fourth section of the ordinance approved the 7th day of March, A. D., 1882, entitled, "An Ordinance supplementary to an ordinance entitled 'An Ordinance relating to nuisances, approved September 23, 1864, which now reads: "To cast or place in the streets of the city or on the footways thereof, any paper, advertisement, handbills or other waste paper. Any person or persons violating any provision of this ordinance shall forfeit and pay the sum of Twenty (20) Dollars and each and every offence, to be sued for and recovered in the manner that debts for penalties of like amount are by law sued for and recovered," be amended so as to read: "To cast, or place in the streets of the city, or on the footways thereof, or into the vestibules or yards, or upon the porches of any dwellings or other building within the limits of the city, any paper, advertisement, handbills, circulars or waste paper. Any person or persons violating any provision of this ordinance shall forfeit and pay the sum of Twenty (20) Dollars and each and every offence, to be sued for and recovered in the manner that debts for penalties of like amount are by law sued for and recovered: Provided, That nothing herein contained shall be held to apply to newspapers and addressed envelopes."

2. That on April 17, 1900, the defendant was engaged in distributing circulars, hand bills, and advertisements by placing the same in vestibules of houses in the said city, and particularly that the said Edward Brabender placed an advertisement in the vestibule of the house No. 905 Race street in the said city on the last named date, the said advertisement not being a newspaper or an addressed envelope, but is what is known as a circular, of which a copy is hereto attached marked "Exhibit A."

If the court be of the opinion that the said ordinance is constitutional and lawfully prevents the placing of advertisements and circulars in the vestibules of houses in the city of Philadelphia, then judgment to be entered for the plaintiff; but if not, then judgment to be entered for the defendant—the costs to

follow the judgment, and either party have the right to sue out a writ of error, certiorari, appeal, or other process suitable to the bringing of the record of this case into the Superior or Supreme Court of the commonwealth of Pennsylvania, as said party may be advised is proper.

The court in an opinion by BIDDLE, P. J., entered judgment for plaintiff.

*Error assigned* was the judgment of the court.

*George S. Graham*, for appellant.—The ordinance violates the constitutional provision against class legislation in the state constitution, or the fourteenth amendment to the constitution of the United States : Conshohocken Borough v. Fennel, 5 Pa. C. C. Rep. 65 ; Easton v. Easton Beef Co., 5 Pa. C. C. Rep. 68 ; Groh v. Commonwealth, 6 Pa. C. C. Rep. 130 ; Sansford Borough v. Brode, 7 Pa. C. C. Rep. 221 ; Sayre Borough v. Phillips, 148 Pa. 482 ; Wilcox v. Knoxville Boro., 12 Pa. C. C. Rep. 641 ; Warren Borough v. Lewis, 16 Pa. C. C. Rep. 176 ; West Pittston Borough v. Dymond, 8 Kulp, 12 ; Com. v. Zacharias, 181 Pa. 126 ; Sewickley School District v. Osborne School District, 6 Pa. Dist. Rep. 211 ; Millerstown v. Bell, 123 Pa. 151 ; Commonwealth v. Gardner, 133 Pa. 284 ; Titusville v. Brennan, 143 Pa. 642 ; Commonwealth v. Vrooman, 164 Pa. 306 ; Welton v. Missouri, 91 U. S. 275 ; Yick Wo v. Hopkins, 118 U. S. 356 ; Jacobs's Application, 98 N. Y. 98.

The municipality has no power to legislate upon this subject : Dillon's Municipal Corp. sec. 89 ; 1 Wood on Nuisances, 971 ; Horn v. People, 26 Mich. 221.

No principle is better settled than that a municipal regulation to be valid must be reasonable : Kneedler v. Borough of Norristown, 100 Pa. 368 ; Livingston v. Wolf, 136 Pa. 519 ; Allegheny v. Heyl, 26 Pitts. Leg. Jour. 70 ; In re Frazee, 63 Michigan, 396.

It requires no argument to show that an ordinance which arbitrarily makes the placing of a circular in the vestibule of a house a nuisance per se, is unwarranted and unreasonable : People v. Armstrong, 73 Mich. 288.

*Howard A. Davis*, with him *Samuel Chew* and *John L. Kinsey*, for appellee.—The city had power to pass the ordinance : Law-

ton v. Steele, 152 U. S. 133 ; Com. v. Alger, 7 Cush. 85 ; Com.
v. Bearse, 132 Mass. 546 ; Kidd v. Pearson, 128 U. S. 1 ; Hannibal, etc., R. R. v. Husen, 95 U. S. 465 ; Barbier v. Connolly,
113 U. S. 27 ; Civil Rights Cases, 109 U. S. 3 ; Logan v. U. S.,
144 U. S. 263.

Many statutes have been sustained as proper classification,
which selected particular trades or businesses or kinds of property for taxation or regulation not imposed upon other classes
of property : Munn v. Ill., 94 U. S. 113 ; Peik v. Chicago, etc.,
Ry. Co., 94 U. S. 164 ; Richmond, etc., R. R. Co. v. Richmond,
96 U. S. 521 ; Soon Hing v. Crowley, 113 U. S. 703; Wurts
v. Hoagland, 114 U. S. 606.

Anything that conflicts with the good order or convenience
of the public of a municipality is subject to police regulations,
and of these facts the corporation is the judge : State v. Payssan, 47 La. Ann. 1029 ; New Orleans Water Works Co. v.
St. Tammany Water Works Co., 14 Fed. Repr. 194 ; Plessy v.
Ferguson, 163 U. S. 550 ; In re Goddard, 16 Pick. 504 ; Poillon v. Brooklyn, 101 N. Y. 132 ; Com. v. Walton, 182 Pa. 376 ;
Barbier v. Connolly, 113 U. S. 31 ; Soon Hing v. Crowley, 113
U. S. 708.

It cannot be contended in the case at bar that there is anything other than the exercise of the police power involved :
Toledo, etc., Ry. Co. v. Jacksonville, 67 Ill. 37 ; Stone v. Miss.,
101 U. S. 814 ; Boston Beer Co. v. Mass., 97 U. S. 25.

OPINION BY RICE, P. J., July 25, 1901 :

By express legislative enactment the city of Philadelphia
has " full power and authority to make, ordain, constitute and
establish such and so many laws, ordinances, regulations and
constitutions (provided the same shall not be repugnant to the
laws and constitution of this commonwealth) as shall be necessary or convenient for the government and welfare of the said
city " (Act of March 11, 1789, 2 Sm. Laws, 462) ; and is " vested
with all the power, rights, privileges and immunities incident to
a municipal corporation and necessary for the proper government of the same : " Act of February 2, 1854, P. L. 21.    It cannot be questioned that under this comprehensive grant the city
has power to enact reasonable ordinances for the protection of
the public in their right to the free and safe use of the highways

of the city.   Nor, so far as it relates to the casting of any paper, advertisement, handbills, circulars or waste paper upon the streets can it be questioned that the ordinance under consideration tends to, and is reasonably necessary for the accomplishment of that purpose.   It tends not only to the cleanliness of the streets—a matter which deservedly is receiving much attention in the smaller as well as in the larger towns and cities, and which unquestionably, is a proper object of municipal legislation—but also to safety as everyone familiar with the action of horses knows.

But it is claimed that, so far as the ordinance relates to the casting of advertisements, circulars, handbills and waste paper into the vestibules of dwellings, it is invalid, because, to adopt the language of counsel, it relates to that, which, at most, is a private nuisance; an act done within the house line and to which only the owners or occupiers can object.   We do not understand it to be claimed, and we do not think it could be declared as an unvarying rule, that because an act, not a common nuisance per se, is done within the house line of private premises it may not lawfully be prohibited by municipal ordinance. We may, however, concede the general principle—although we think it could be shown that this also has its exceptions—that private property must usually seek protection against trespassers from the general laws of the land, and the public tribunals, and not from the city by-laws: Horn v. People, 26 Mich. 221. But we do not regard this ordinance as intended for the protection of private property.   Incidentally it may have the effect of relieving such owners, to some extent, from what, in common parlance is a nuisance, but that is not its primary purpose.   Waste paper, circulars, handbills and the like lying upon the porch, in the vestibule or in the front yard of a private residence are not sightly things, but so long as they lie there they cannot be considered a public nuisance, and, for the purposes of this case, it may be conceded that a city ordinance cannot make them such.   It is obvious, however, that the reason upon which the ordinance rests is not merely that the casting of these fugitive papers in the places described is an annoyance to the owners of the premises, but that the wind catches them up and casts them into the streets, where they lie or are blown about, to the annoyance and inconvenience of the gen-

eral public. This is liable to happen, not only to papers cast into the yards and upon the porches, but also, although perhaps in a less degree, to those cast into the vestibules of city dwellings, as is well shown in Judge BIDDLE's opinion. It is a fact which did not require proof but is a matter of common knowledge, which the municipal authorities in enacting the ordinance, and the court in passing upon its reasonableness were justified in taking into consideration. See Commissioners v. Gas Co., 12 Pa. 318, at p. 322. There is a manifest difference between the ordinance discussed in People v. Armstrong, 73 Mich. 288 and the ordinance now under consideration. In the former the offense was made complete in itself by the mere act of distributing, or giving away, the enumerated articles upon the public streets. In the latter the thing prohibited is the casting of these papers in places, whence, naturally and without any further act of the wrongdoer or of any one else, they are liable to be, and probably will be, blown into the streets. " It admits of no controversy that the city is armed with ample authority to remove from its streets and thoroughfares every obstruction or impediment to their free use as such by the public, unless authorized by law:" Philadelphia v. P. & R. R. R. Co., 58 Pa. 253. The power to remove includes the power to prevent by reasonable regulations which do not conflict with any provision of the federal or state constitution. So far as we can see, the purpose of this ordinance is to prevent the littering up of the streets and the frightening of horses and we cannot say that the means chosen are not adapted to, and reasonably necessary for, the full accomplishment of that purpose.

It is argued further, again adopting the language of counsel, that the ordinance " utterly destroys the well known business of distributing circulars, and partially destroys the business of merchants by preventing them from advertising their wares in a cheap and expeditious manner thereby violating the section of the bill of rights which gives to the citizens the inherent and inalienable right to acquire, possess and protect property and reputation, and of pursuing their own happiness." This argument is based on wrong premises. The ordinance does not prohibit the business referred to, nor does it prohibit merchants or others from advertising their wares by means of circulars. It does not prohibit the delivery of them to individuals and it ex-

cepts from its operation circulars enclosed in addressed envelopes. Thus, whilst regulating the mode of distributing this form of advertisement, it does not absolutely prohibit it. Surely it cannot be contended that any man has an inalienable right to advertise his goods or business by circulars scattered broadcast trusting to chance to bring them to the hands of willing readers, but knowing also that quite as likely the unfavoring winds will sweep them into the traveled ways and gutters of the streets. But the power of the legislature or the delegated power of a muncipal corporation, which we think every one will concede, to prohibit that mode of distributing advertising circulars, and handbills is no clearer and rests upon no more sure foundation than the power to prohibit the distribution of these papers in the modes described in this ordinance.

Nor can we see that an invidious discrimination is made against any one by the ordinance. All persons are treated alike and subject to the same restrictions. True, the ordinance exempts from its operation newspapers and addressed envelopes, but evidently not for the purpose of favoring those who advertise in that way, but because in the judgment of the municipal authorities, there was not the same necessity for prohibiting the delivery of newspapers and addressed envelopes to the persons for whom they are intended in that way. This discriminates against no persons or class of persons, and surely it is not for the defendant to say that the ordinance is void because it does not prohibit other acts equally as mischievous as the acts prohibited. " The discriminations which are open to objection are those where persons engaged in the same business are subjected to different restrictions, or are held entitled to different privileges under the same conditions. It is only then that the discrimination can be said to impair that equal right which all can claim in the enforcement of the laws:" Soon Hing v. Crowley, 113 U. S. 703; L. ed. Bk. 28, p. 1145.

The limitations of the powers conferred upon municipal corporations are that they must be exercised in a reasonable, lawful and constitutional manner. " If these limitations are not trangressed courts cannot interfere with the ordinances of the municipality, for to the mayor and council must be left a reasonable discretion, and for the proper and wholesome exercise thereof they are accountable not to the courts, but to the peo-

ple:" O'Maley v. Freeport, 96 Pa. 24. "Where the municipal legislature has authority to act, it must be governed, not by our, but by its own discretion; and we shall not be hasty in convicting them of being unreasonable in the exercise of it:" Fisher v. Harrisburg, 2 Gr. 291; Wilkes-Barre v. Garabed, 11 Pa. Superior Ct. 355.

Judgment affirmed.