[Cr. A. No. 164. Appellate Department, Superior Court, Los Angeles County.—February 28, 1930.]

THE PEOPLE, Respondent, v. ROSCOE D. ST. JOHN, Appellant.

Lawler & Degnan for Appellant.

Brewton A. Hayne for Respondent.

McLUCAS, P. J.—The defendant was charged with violation of a city ordinance of South Gate by distributing or throwing upon private porches in said city, a notice of commercial advertising, to wit, ''The Down Town Shopping News,'' and was adjudged guilty. Defendant appeals from the judgment.

It was stipulated at the trial by plaintiff and defendant that their respective witnesses, if called, would by their testimony establish the following facts: That the "Los Angeles Down Town Shopping News" is a publication issued and published twice each week, and is composed of advertisements inserted by reputable firms and corporations engaged in the business of selling dry-goods, jewelry, furniture, household equipment and similar merchandise, in the city of Los Angeles and vicinity, and style notes in respect thereof; that said publication does not contain any matter which by any possibility could be construed as lewd, obscene or scandalous, or injurious to the public health, morals, safety or welfare; that said publication is not capable of being entered as second class matter under the provisions of the United States postoffice regulations of March 3, 1879, and other United States statutes; that the city of South Gate at all times mentioned was a municipal corporation of the state of California, of the sixth class; that on or about the twenty-ninth day of September, 1928, the city clerk of the city of South Gate issued to Los Angeles Down Town Shopping News Corporation, the publisher of said publication, a license to transact the business of passing bills in the city of South Gate for the term of one year from the first day of October, 1928, to the thirtieth day of September, 1929, inclusive; that the defendant St. John at all times was the agent of said Los Angeles Down Town Shopping News Corporation, authorized and employed by said corporation to distribute its said publication pursuant to said business license; that on August 20, 1929, the city of South Gate duly enacted Ordinance No. 157, amendatory to Ordinance No. 155; that said Ordinance No. 157 provided:

"That it shall be unlawful for any person, firm or corporation to distribute or throw upon any street, alley or public place or upon any private yard, lawn, driveway, sidewalk, porch or steps of any residence or upon or in any part of any structure or upon any vacant property in said City of South Gate, any advertising sample, handbill, dodger, circular, booklet, or other notice of commercial advertising, provided that nothing in this Section shall prohibit the distribution and delivery of any newspaper which is capable of being entered as second class matter under the provisions

of the United States Post Office regulations of March 3rd, 1879, and other United States Statutes.''

That on the seventeenth day of July, 1929, on or before the effective dates of said Ordinances No. 155 and No. 157, Mrs. H. A. Schomer, residing in the said city of South Gate, made, executed and delivered to Los Angeles Down Town Shopping News Corporation her request as follows:

''Please deliver at my residence regularly the Los Angeles Down Town Shopping News, and occasional special announcements by Shopping News advertisers, it being understood and agreed that this service is entirely free, with no obligation of any kind on my part.''

That subsequent to the effective dates of the ordinances hereinabove referred to defendant has not delivered in the city of South Gate any publication of the ''Los Angeles Down Town Shopping News,'' or other advertising matter, except to the residences of persons who have theretofore executed and delivered requests in like form to the request executed and delivered by the said Mrs. Schomer; that on the twenty-first day of September, 1929, the defendant, acting as the agent of the Los Angeles Down Town Shopping News Corporation, pursuant to the said request of Mrs. H. A. Schomer, which said request has not been revoked or canceled, delivered to the residence of said Mrs. H. A. Schomer, in said city of South Gate, by throwing upon the porch thereof, a copy of the publication of the Los Angeles Down Town Shopping News Corporation, to wit, the ''Los Angeles Down Town Shopping News'', issued under date of September 23, 1929.

It is the contention of the appellant that said ordinance does not prohibit the distribution of a publication of the character of the ''Los Angeles Down Town Shopping News'' by delivering copies thereof to private residences of persons who have requested such delivery, and, secondly, that if said ordinance does prohibit such distribution, it is to that extent unconstitutional and void.

Deeming the ordinance sufficient in its terms to prohibit the distribution of notices of commercial advertising upon private porches, in the city of South Gate, to all persons, whether such persons have requested such delivery or not, we proceed immediately to a discussion as to whether said ordinance is unconstitutional and void as to appellant.

■ The Constitutions of the United States and of the state of California guarantee certain fundamental rights and, among others, that no persons shall be deprived of life, liberty or property without due process of law. It is to be conceded that advertising, as urged by appellant, is a lawful and useful occupation, and as such, is a property right secured by the fundamental law. ■ A statute prohibiting, regulating or interfering with private business can be upheld only under the police power, and the police power can be rightfully exercised only when the statute in question is for the protection of the public health, the public safety, the public morals or the general welfare. ■ It is always a judicial question whether any particular regulation of the right to pursue a lawful and useful occupation is a valid exercise of the legislative power. (*Ex parte Drexel*, 147 Cal. 764 [3 Ann. Cas. 878, 2 L. R. A. (N. S.) 588, 82 Pac. 429]; *Frost* v. *City of Los Angeles*, 181 Cal. 22 [6 A. L. R. 468, 183 Pac. 342]; *Ex parte Dickey*, 144 Cal. 234 [106 Am. St. Rep. 82, 1 Ann. Cas. 428, 66 L. R. A. 928, 77 Pac. 924]; *In the Matter of the Application of Miller*, 162 Cal. 687 [124 Pac. 427].)

■ By the great weight of authority the enactment of reasonable ordinances regulating or prohibiting the distribution of handbills, circulars, samples and other advertising matter, in such manner as will ordinarily result in the littering of streets, sidewalks or other public places, constitutes a valid exercise of the police power. (3 McQuillin on Municipal Corporations, 2d ed., sec. 987, note, 22 A. L. R., p. 1484.) In *Wettengel* v. *Denver*, 20 Colo. 552 [39 Pac. 343], it was held that an ordinance providing that no person shall hand or offer to any traveler or other person on any public street or place any handbill, advertisement, circular, or other thing of such nature or character that the person taking the same will naturally or probably throw or deposit the same so as to litter or obstruct the street or place, or where the same may be or become calculated to frighten horses or other animals, is reasonable as protecting the public in its right to the free and safe use of the highways of the city by tending to keep them clean, and as preventing the possible frightening of horses. The decision was limited to the distribution of handbills or circulars of the character described in the ordinance, and the court said:

"If the object of this ordinance is to prohibit the distributing to travelers on the street of any circular or handbill, irrespective of its character, it might be held unreasonable and come within the principle announced in the case of *People* v. *Armstrong,* 73 Mich. 288 [16 Am. St. Rep. 578, 2 L. R. A. 721, 41 N. W. 275]."

In *People* v. *Armstrong* the ordinance provided in substance that no person shall distribute circulars, handbills or advertising cards of any description in or upon any of the public streets and alleys. The defendant was distributing cards one and one-half by two inches in size announcing Y. M. C. A. meetings, to persons only who expressed a desire for the same, and was found guilty of violating the ordinance. The ordinance was held unreasonable and too broad in its terms, but the court held that miscellaneous throwing to the winds of handbills, circulars or advertising cards would not only litter up the streets and become a nuisance but would tend to frighten teams and horses and great danger might be apprehended to life and limb.

In *Philadelphia* v. *Brabender,* 201 Pa. 574 [58 L. R. A. 220, 51 Atl. 374], it was held that an ordinance forbidding anyone "to cast or place in the streets of the city, or on the footways thereof, or into the vestibules or yards, or upon the porches of any dwellings, or other building within the limits of the city, any paper, advertisement, handbills, circulars or waste paper" excepting newspapers or circulars in envelopes, did not interfere with the right to acquire, possess and protect property, as interfering with the advertisement of business, and that the provision did not make invidious discrimination by excepting newspapers and circulars in envelopes. (22 A. L. R. 1486.) It was claimed that so far as the ordinance related to the casting of advertisements, circulars, handbills and waste papers into the vestibules of dwellings, it was invalid. The court said: "It is obvious . . . that the reason upon which the ordinance rests is not merely that the casting of these fugitive papers in the places described is an annoyance to the owners of the premises, but that the wind catches them up and casts them into the streets, where they lie or are blown about to the annoyance and inconvenience of the general public. This is liable to happen not only to papers cast into the yards and upon the porches, but also, although

perhaps in a less degree, to those cast into the vestibules of city dwellings."

In *Anderson* v. *State*, 69 Neb. 686 [5 Ann. Cas. 421, 96 N. W. 149], in holding an ordinance valid and constitutional which declared it unlawful for any person to circulate or distribute or scatter about, or to hand to any person upon a public street, etc., any dodgers, handbills or circulars, the court said:

"The ordinance in question is manifestly a police regulation intended to further the public health and safety by preventing the accumulation of large quantities of waste paper upon the streets and alleys, which might occasion danger from fire, choke up and obstruct gutters and catchbasins, and keep the streets in an unclean and filthy condition. A police regulation, obviously intended as such, and not operating unreasonably beyond the occasions of its enactment, is not invalid simply because it may affect incidentally the exercise of some right guaranteed by the Constitution. In all matters within the police power some compromise between the exigencies of public health and safety and the free exercise of their rights by individuals must be reached. The test in such cases is whether the regulation in question is a *bona fide* exercise of the police power or an arbitrary and unreasonable interference with the rights of individuals under the guise of police regulation."

In *People* v. *Horwitz*, 27 N. Y. Crim. Rep. 237, 140 N. Y. Supp. 437, an ordinance providing "that no person shall throw, cast or distribute in or upon any of the streets, avenues or public places, or in front yards or stoops, any handbills, circulars, cards, or other advertising matter whatsoever" was held a valid exercise of the police power which applied to the distribution of circulars folded in newspapers which were sold on the streets.

We have reviewed all of the authorities which have been cited in the briefs of able counsel, and find that in at least two of these cases the ordinances prohibited, as in the case at bar, throwing circulars, handbills or advertisements upon private porches. (*Philadelphia* v. *Brabender* and *People* v. *Horwitz, supra.*) In *Philadelphia* v. *Brabender* a provision of the ordinance forbidding the casting of advertisements into the vestibules of dwellings was held valid. In *People*

v. *Horwitz,* while the ordinance was held valid, the defendant was charged with distributing advertisements upon the public sidewalks, and the provision of the ordinance prohibiting distributing or casting advertisements upon private porches was not discussed.

Appellant urges that the Philadelphia ordinance was regulatory only, in that no distinction was made between commercial advertising and circulars and pamphlets devoted to political or religious purposes, and it permitted the distribution of any matter inclosed in an envelope, while the South Gate ordinance prohibits the distribution only of commercial advertising. We do not interpret the South Gate ordinance as prohibiting the distribution of commercial advertising. It merely regulates such distribution. Nothing in the ordinance forbids the distribution of such matter personally to any person in any dwelling or other private building in said city. The ordinance merely forbids throwing or distributing in public places, or in yards, or other places where such distribution is likely to result in the littering of public places. The ordinance does not even prevent the deposit of such advertising matter in a secure box or receptacle provided for the receipt of such matter. Again, the ordinance provides that nothing therein shall prohibit the distribution and delivery of any newspaper which is capable of being entered as second class matter under the provisions of the United States Post Office regulations. Such newspapers would, in all probability, contain commercial advertising.

Appellant contends that the South Gate ordinance is not intended to prohibit isolated distribution here and there in the particular community, but the record shows that this is not a case of isolated distribution. The complaint charges the defendant with throwing upon private porches in said city a notice of commercial advertising, to wit, the "Down Town Shopping News". The complaint does not charge an isolated offense. The statement on appeal shows that said publication is issued twice each week, that defendant is employed to distribute said publication in the city of South Gate, that on September 21, 1929, defendant threw a copy of said publication upon the porch of Mrs. H. A. Schomer, in said city, and that subsequent to the effective dates of said ordinance defendant has not de-

livered in said city any copy of said publication or other advertising matter except to the residences of persons who had theretofore executed and delivered requests in like form to that executed and delivered by the said Mrs. H. A. Schomer. It is clearly apparent from the whole record that this is not a case of isolated distribution.

Appellant argues that only ordinances regulating or prohibiting the distribution of advertising matter in public streets or places can be upheld as a valid exercise of the police power, but in view of the authorities cited, we are not prepared to hold that the enactment of a reasonable ordinance regulating or prohibiting the distribution of circulars, pamphlets or other advertising matter in such manner as will ordinarily result in the littering of streets or other public places, does not constitute a valid exercise of the police power. The casting of such advertising matter on private porches is quite as likely to result in the littering of public streets or places by such advertising matter being blown by the winds, or kicked on to the sidewalk and the streets, as if such matter had been directly thrown or distributed in such public places. Nor do we feel that the fact that the householder requests the delivery of such advertising renders less likely the littering of such public places by throwing such pamphlets on private porches. The winds do not await the convenience of the householder in removing such pamphlets to a secure place; in fact, it is a matter of common knowledge that in the absence of the householder, or even without such absence, many copies of advertising publications are left on private yards and porches with the result that such matter is blown about as if it had been cast to the four winds, and public streets and places are littered thereby. It may well be that, in so far as said ordinance prevents the distribution of said advertising matter to persons in residences, stores or other private places, expressing a willingness or desire for the same, it could not be sustained as constitutional. In our opinion, appellant does not bring himself within such kind of distribution by throwing advertising matter on private porches at the request of the householder, where such distribution is likely to result in littering public streets and places.

Finally, appellant claims that said ordinance is unconstitutional and void in that it denies to the defendant

the equal protection of the laws, and arbitrarily discriminates against the defendant and other persons engaged in the delivery and distribution, in the city of South Gate, of publications containing commercial advertisements but incapable of being entered as second class matter under the provisions of the United States Post Office regulations, in favor of persons engaged in the distribution and delivery in the city of South Gate of circulars, pamphlets and publications containing political or religious advertisements, or publications containing commercial advertisements but capable of being entered as such second class matter. Even if an ordinance regulating the distribution of pamphlets devoted to religious or political purposes could be so drawn as not to interfere with the constitutional guaranty of the right of free speech, surely it is not for the defendant to say the act is void because it does not prohibit other acts equally as mischievous as the acts prohibited. Evidently, in the judgment of the municipal authorities, there was not the same necessity for regulating the distribution of pamphlets and circulars other than those containing commercial advertising.

In the *City of Philadelphia* v. *Brabender, supra,* the court held that there was no discrimination impairing equal rights in an ordinance prohibiting the casting of advertisements in vestibules of dwellings, though newspapers and addressed envelopes were excepted. The court said:

"Nor can we see that an invidious discrimination is made against anyone by the ordinance. All persons are treated alike and subject to the same restrictions. True, the ordinance exempts from its operation newspapers and addressed envelopes, but evidently not for the purpose of favoring those who advertise in that way, but because, in the judgment of the municipal authorities, there was not the same necessity for prohibiting the delivery of newspapers and addressed envelopes to the persons for whom they are intended in that way. This discriminates against no persons or class of persons; and surely it is not for the defendant to say that the ordinance is void because it does not prohibit other acts equally as mischievous as the acts prohibited. 'The discriminations which are open to objection are those where persons engaged in the same business are subjected to different restrictions, or are held entitled to different privi-

leges under the same conditions. It is only then that the discrimination can be said to impair that equal right which all can claim in the enforcement of the laws.' (*Soon Hing* v. *Crowley,* 113 U. S. 703 [28 L. Ed. 1145, 5 Sup. Ct. Rep. 730].) The limitations of the powers conferred upon municipal corporations are that they must be exercised in a reasonable, lawful, and constitutional manner. 'If these limitations are not transgressed, courts cannot interfere with the ordinances of the municipality, for to the mayor and council must be left a reasonable discretion, and for the proper and wholesome exercise thereof they are accountable not to the courts, but to the people.' (*O'Maley* v. *Borough of Freeport,* 96 Pa. 24 [42 Am. Rep. 527].) Where the municipal legislature has authority to act, it must be governed, not by our, but by its own, discretion; and we shall not be hasty in convicting them of being unreasonable in the exercise of it.' "

For like reasons, we see no discrimination or denial of the equal protection of the laws in the ordinance now before us.

The problems presented to us for solution are not altogether free from difficulty. If the ordinance were to be so construed as to prohibit the distribution of advertising matter personally, or in boxes or receptacles, or in any other manner whatsoever, which is not likely to result in the littering of public streets or places, it would affect adversely only persons who make such distribution, and the record does not show that defendant made such kind of distribution. The discrimination between newspapers and all other sorts of commercial advertising is upheld in *Philadelphia* v. *Brabender, supra.* If an improper discrimination is made by the classification of newspapers into those which can be entered as second class mail matter and those which cannot be so entered, it affects adversely only persons who distribute newspapers of the class last mentioned. Defendant is not such a person. The whole ordinance cannot be declared invalid because of its possible defects in these respects, and the defendant, who is not within either provision which would be so condemned, cannot be heard to object to them. (*In re Cardinal,* 170 Cal. 519, 523 [L. R. A. 1915F, 850, 150 Pac. 348].)

On the whole, it must be said that the case raises some doubts as to the validity of the ordinance in all respects,

yet it is a settled rule that the power of the judiciary to declare an ordinance unconstitutional should never be exerted except when the conflict between it and the Constitution is palpable and incapable of reconciliation. If there is a doubt only as to the constitutionality of the ordinance, it is the duty of the court to resolve the doubt in favor of its constitutionality and uphold it. (5 Cal. Jur. 612, 613, 633, 634, and cases cited; *Bailey* v. *Garrison,* 190 Cal. 690, 696 [214 Pac. 871].)

We conclude that said ordinance is not unconstitutional and void as to appellant. The judgment is ordered affirmed.

Bishop, J., and Shaw, J., concurred.