## Commonwealth v. Ash

*John E. Flynn*, for Commonwealth.
*Morris Gerber*, for defendant.

CORSON, J., December 17, 1937.—Defendant was arrested and fined $5 and costs for violation of a borough ordinance, enacted by the Borough of Hatboro. A petition for an allocatur was filed and allowed by the court of quarter sessions, and the matter then came before this court for a hearing de novo.

The ordinance which the Commonwealth alleges was violated was enacted by the borough on February 4, 1935, and provides, inter alia: "That it shall be unlawful for any person . . . to hand any advertising matter to any person in any thoroughfare of the borough." The other provisions of this ordinance prohibit garbage carts or wagons carrying earth, coal, mortar, or rubbish of any kind, from being driven through the borough unless such trucks or wagons have a good tailboard and body. People are also prohibited from throwing or placing any circulars, handbills, etc., upon any of the borough thoroughfares or any porch or post of the borough, or to place or throw any advertising matter on the steps, entrance, or premises of any building in the borough. Defendant in the present case was engaged, at the time of his arrest, in handing to members of the public, on the highway, copies of a newspaper which defendant was apparently giving away.

The first contention of defendant is that the borough had no authority to pass such an ordinance. With this contention we cannot agree. Municipalities have the right to pass ordinances that will protect the cleanliness of the highways and the health and safety of the community: See Philadelphia v. Brabender, 201 Pa. 574.

In the Brabender case, the court held that the City of Philadelphia had the right to prohibit the casting of circulars or advertising matter into the vestibules and front porches of houses. The court stated that it was common knowledge that circulars placed in vestibules might be blown from vestibules into the streets.

Defendant argues, in the present case, that since the articles were being handed to members of the public, there was no danger of them being blown into the streets. In the Brabender case the court held that the obvious purpose of ordinances of this kind is to prevent the littering of the streets and to prevent horses being frightened by pieces of paper being blown in front of them. This

latter reason may be of little importance at the present time, but a borough would seem to have the right to pass any ordinance tending toward the cleanliness of the borough highways. The ordinance in the present case was obviously intended, by its express terms, to cover, inter alia, the posting of handbills or the distribution of advertising circulars.

In the present case, we may recognize as a fact that, in any case where a person walking upon the highway is handed a handbill or an advertising circular, he will take a short look at the pamphlet or whatever it may be and then toss it upon the highway. The result in the end, of course, is that the streets are littered with such literature. We are, therefore, of the opinion that the ordinance is proper and should be sustained. The serious question in the present case would seem to be whether the paper which defendant was giving out came within the ordinance prohibiting the distribution of "circulars, handbills or other advertising matter." The phrase "other advertising matter" would seem to mean advertising matter in the nature of advertising circulars or handbills. In the present case the article being given away was neither an advertising circular nor a handbill, nor did it advertise anything as being for sale. The article in the present case purported to be a newspaper, and, for the purposes of this case, we must assume that it was. There is no evidence that in handing out the newspaper there was anything to indicate that even the newspaper itself was advertising or attempting to obtain subscribers.

If a second-hand bookstore, for an illustration, should begin giving away second-hand books, without anything to indicate that such books were advertising anything, certainly such action would not seem to be a violation of this ordinance. By advertising matter we must assume that the borough council meant to include only what is known or regarded in the ordinary sense as advertising

matter. Certainly the newspaper in this case could not be considered either as a circular or a handbill.

The decision in this case has been held up at the request of counsel for defendant, who stated that he desired to file a brief. No brief, however, has been filed by defendant. However, since, after consideration of the case, we feel that our decision must be in favor of defendant, we do not feel that we should delay longer in deciding the case.

And now, December 17, 1937, for the reasons set forth in the foregoing opinion, defendant is found not guilty.