## Commonwealth v. Male

*M. Jack Morgan*, for appellant.
*Linn H. Schantz*, for appellee.

DIEFENDERFER, J., July 7, 1947.—The Board of Commissioners of the Township of Whitehall, a first class township, on April 22, 1946, ordained and enacted Ordinance no. 424, which provides, inter alia, as follows:

"Section 1. It shall be unlawful to establish, set up, exhibit, display, produce, run, conduct, hold, promote, assist, support, etc., any outdoor motion picture exhibition, outdoor vaudeville or stage exhibition, outdoor theatre, circus, carnival, medicine show, tent show or exhibition, and any other outdoor shows or exhibitions in the Township of Whitehall, County of Lehigh and State of Pennsylvania; except, those which are operated wholly for charitable purposes.

"Section 2. Any person, partnership, co-partnership, association or corporation violating the provisions of this ordinance shall, upon conviction before a Justice of the Peace, pay a fine or penalty of Fifty ($50.00) Dollars, and in default of payment of such fine or penalty to undergo imprisonment in the Lehigh County Prison for a period of not less than thirty (30) days nor more than sixty (60) days."

Prior thereto defendant, Leon M. Male, had leased a piece of ground in the township and had commenced the construction of an outdoor drive-in theatre. On

May 24, 1946, defendant was exhibiting motion pictures in the aforesaid theatre not for charitable purposes. On said date defendant was arrested and fined by Justice of the Peace Milson in Whitehall Township $50 for violation of said ordinance after due hearing thereon.

A special allocatur was granted to appeal. A stipulation between defendant and the Commonwealth was filed agreeing to a stated set of facts which have been referred to heretofore.

The question involved is whether or not the ordinance under which defendant was convicted was constitutional.

The ordinance in question does not prohibit all outdoor motion picture exhibitions; it provides for the operation of "those which are operated wholly for charitable purposes". If the basic reason for the passage of the ordinance was to prohibit outdoor motion pictures in a township, it would appear that it has failed in its purpose if a charitable organization is permitted to operate. In many cases the theatre could be operated under the guise of charity and yet the proceeds only partially given to some charitable organization.

Under paragraph one of section 1502 of The First Class Township Law of June 24, 1931, P. L. 1206, §19092-1502, the boards of commissioners have power and authority to enact ordinances covering the issues involved in this case. Under paragraph 31 of section 1502 of the aforesaid law, clause 31 grants to the boards of commissioners the power to regulate, license and prohibit shows, circuses and amusements of all sorts.

In Kistler v. Swarthmore Borough, 134 Pa. Superior Ct. 287, the court was not confronted with the question of the permission given to operate provided they were for charity. It would, therefore, appear that the ordi-

nance in question, permitting the said outdoor motion picture theatre to operate when operated wholly for charitable purposes, would be a discriminatory trade regulation and, therefore, invalid and unconstitutional.

This question was before our courts in Commonwealth v. Male, 45 D. & C. 639, where our esteemed former president judge, Richard W. Iobst, in holding a former ordinance invalid held that there was one fault in the ordinance, to wit (p. 641) :

"The ordinance here in question relates to and deals with, as its only subject, the prohibition of a certain class of outdoor amusements for profit. However, we find one fault in the ordinance. It has a proviso in it which to our way of reasoning makes it invalid. The ordinance declares that no one may set up, conduct, promote, or support any outdoor moving picture exhibition, any outdoor theatre, or any other outdoor entertainments for profit excepting those which are transitory. In other words, no one residing within the township can engage in any outdoor entertainment for profit nor can anyone from beyond the township limits legally invest any money in said township for these purposes which are, under said ordinance, declared unlawful; yet transient fly-by-nighters, circuses, vaudevillians, medicine shows, itinerant entertainers, etc., may come at any time into the township with their paraphernalia and equipment, if they have any, receive their profit and, after a temporary sojourn, move on, leaving the township financially the poorer for such outdoor entertainment. It seems, therefore, that this ordinance is so framed as to discriminate between the people of the township and those who may come along temporarily to engage in a business which is denied to the residents of the township. As framed, the ordinance becomes a discriminatory trade regulation, and therefore is invalid."

Discriminations open to objection are those where persons engaged in the same business are subjected to

different restrictions or held entitled to different privileges under the same conditions. See Philadelphia v. Barbender, 201 Pa. 574. The court feels that it is following the case of Commonwealth v. Male, supra, when it holds that the above ordinance is a discriminatory trade regulation and, therefore, invalid.