THE PEOPLE v. JOHN ARMSTRONG.

*Municipal corporations —By-laws and ordinances—Authority of city—Reasonableness of enactments—Distribution of cards in streets of city.*

1. An ordinance of the city of Detroit prohibiting the circulation, distribution, or giving away of circulars, hand-bills, or advertising cards of any description, in or upon any of the public streets and alleys of said city, is held not to come within the power granted by its charter, and also to be *unreasonable* and *unwarranted.*

2. The following propositions are summarized from the opinion of Mr. Justice LONG:

    *a*—Corporations derive all their power from legislative acts, and can pass no ordinance which conflicts with the terms of the charter.

*b*—Where the Legislature, in terms, confers upon a municipal corporation the power to pass ordinances of a specified and defined character, if the power thus delegated is not in conflict with the Constitution, an ordinance passed pursuant thereto cannot be impeached as invalid because it would have been regarded as unreasonable if it had been passed under the incidental power of the corporation, or under a grant of power general in its nature.

*c*—Where the power to legislate upon a given subject is conferred, but the mode of its exercise is not prescribed, the ordinance passed in pursuance thereof must be a reasonable exercise of the power, or it will be pronounced invalid. 1 Dill. Mun. Corp. § 262.

*d*—The fact that an ordinance covers matters which the city has no power to control is no reason why it should not be enforced as to those which it may control. The unauthorized provisions do not invalidate the whole ordinance, if they can be separated from the rest of the ordinance without so mutilating it as to render it inoperative. *Kettering v. Jacksonville,* 50 Ill. 39.

*e*—The reasonableness or unreasonableness of an ordinance is not determined by the enormity of some offense it seeks to prevent and punish, but by its *actual* operation in *all* cases that may be brought thereunder.

*f*—To render ordinances reasonable, they must tend in some degree to the accomplishment of the object for which the corporation was created and its powers conferred.

*g*—Under our Constitution and system of government the object and aim is to leave the subject entire master of his own conduct, except in the points wherein the public good requires some direction or restraint.

*Certiorari* to the recorder's court of Detroit to review conviction of respondent under a city ordinance. Argued October 17, 1888. Proceedings quashed January 18, 1889. The facts are stated in the opinion.

*Corliss, Andrus & Leete,* for petitioner.

*John W. McGrath,* City Counselor, and *Fred H. Warren,* Assistant, for respondent.

[The positions of counsel, with citations of authorities, are stated in the opinion.—REPORTER.]

LONG, J.    This case comes from the recorder's court of the city of Detroit by writ of *certiorari*.    The complaint is made under section 12, chapter 55, Rev. Ordinances City of Detroit, as amended August 22, 1885, and charges that at the city of Detroit, on June 18, 1888, within the corporate limits of said city, on Woodward avenue, at the corner of Grand River avenue, the defendant, John Armstrong, then and there unlawfully and willfully did circulate and distribute and give away circulars, hand-bills, and advertising cards, to the evil example of all others in like cases offending, and contrary to the ordinances of said city, etc.    The conceded facts proven on the trial are that defendant was distributing cards on the corners of Woodward and Grand River avenues, in the city of Detroit, on the evening of June 18, 1888; that defendant is one of the invitation committee referred to in the cards; that no cards were to be seen upon the ground or sidewalk at or near the place of distributing the same; that cards were given to those only who expressed or appeared to desire the same, and took the same willingly; that the use of the Y. M. C. A. privileges offered by the cards was entirely gratuitous; that cards were offered persons unknown to defendant.    The cards were in the following form and size:

| | |
|---|---|
| THE | INVITES |
| INVITATION CORDIALLY | |
| COMMITTEE | YOU |
| TO SPEND | |
| THIS OR ANY MONDAY NIGHT, | |
| From 7:45 to 9 o'clock, | |
| AT THE Y. M. C. A. BUILDING. | |
| ICE WATER AND FANS. | |

The provisions of the charter of the city of Detroit, under which it is claimed the city had power to pass the ordinance under which the complaint is made, reads: That the council shall "have power to provide for cleaning the highways, streets, avenues, lanes, alleys," etc., "of dirt, mud, filth and other substances;" also "to prohibit and prevent incumbering or obstructing of streets, lanes, alleys, cross-walks, sidewalks, and all public grounds and spaces, with vehicles, animals, boxes, signs, barrels, posts, buildings, dirt, stones, brick, and all other materials or things whatsoever, of every kind and nature;" also "to control, prescribe, and regulate the manner in which the highways, streets, avenues, lanes, alleys, public grounds, and spaces within said city shall be used and enjoyed;" also "to prohibit and prevent the flying of kites, and all practices, amusements, and doings therein having a tendency to frighten teams and horses." The ordinance under which the complaint is made reads:

"Sec. 12.  Hereafter no person shall himself, or by another, post, attach, place, print, paint, or stamp any placard, circular, show-bills, or advertisements, of any description whatever, except such as may be expressly authorized by law, on any street or sidewalk, or upon any public place or object in the city, or upon any fence, building, or property belonging to the city, or upon any telegraph pole, telephone pole, electric light pole or tower, or upon any hitching-post, horse-block, or curb-stone, in any public street or alley in the city of Detroit, and no person shall himself or by another circulate, distribute, or give away circulars, hand-bills, or advertising cards of any description in or upon any of the public streets and alleys of said city."

On the trial of the case, defendant's attorney asked for the discharge of the defendant, which the court overruled, and found the defendant guilty, and imposed a fine of three dollars, in default of payment of which fine defendant was ordered to be imprisoned in the Detroit House of

Correction for a period not exceeding 20 days. The said fine was imposed under authority of section 19, chapter 55, of the ordinance, which reads:

" Sec. 19. Any violation of the provisions of this ordinance shall be punished by a fine not to exceed $100, and the cost of prosecution; and in the imposition of any fine and costs the court may make a further sentence that the offender be imprisoned in the Wayne county jail or the Detroit House of Correction until the payment thereof: *Provided, however,* That the period of such imprisonment shall not exceed the term of six months."

The allegations of error contained in the affidavit for the writ of *certiorari* are: That the ordinance upon which this complaint is based is invalid, in that the common council had no authority under the charter of the city to adopt the same; that the ordinance is invalid, because unreasonable, oppressive, and in contravention of constitutional rights; that the court had no authority to impose any fine or penalty, because the ordinance under which the penalty is claimed to be imposed is unconstitutional, in that it permits and authorizes the imposition of fines and penalties excessive and unreasonable and entirely disproportionate to offenses created and specified; that the court had no authority to impose a penalty, and the judgment is void, because the ordinance under which the penalty imposed is claimed to be authorized is illegal, in that it provides for variable and uncertain penalties for offenses charged; that the defendant should have been discharged.

Corporations derive all their power from legislative acts, and they can pass no ordinance which conflicts with the charter. Where the Legislature, in terms, confers upon a municipal corporation the power to pass ordinances of a specified and defined character, if the power thus delegated be not in conflict with the Constitution, an ordinance passed pursuant thereto cannot be impeached as

invalid because it would have been regarded as unreasonable if it had been passed under the incidental power of the corporation, or under a grant of power general in its nature. In other words, what the Legislature distinctly says may be done will not be set aside by the courts, unless in conflict with the Constitution, because they may deem it unreasonable. But where the power to legislate on a given subject is conferred, but the mode of its exercise is not prescribed, then the ordinance passed in pursuance thereof must be a reasonable exercise of the power, or it will be pronounced invalid. 1 Dill. Mun. Corp. § 262.

The fact, however, that an ordinance covers matters which the city has no power to control is no reason why it should not be enforced as to those which it may control. The unauthorized provisions do not invalidate the whole ordinance, if they can be separated from the rest of the ordinance without so mutilating it as to render it inoperative. *Kettering v. Jacksonville*, 50 Ill. 39.

It is insisted upon the part of the prosecution that the power contained in the charter is sufficient to warrant the passage of the ordinance. There is an express power in the charter to provide for cleaning the highways, streets, avenues, lanes, alleys, public grounds and squares, crosswalks, and sidewalks, in said city, of dirt, mud, filth and other substances; also to prevent the incumbering or obstructing of streets, lanes, alleys, etc., and to control, prescribe, and regulate the manner in which the highways, streets, etc., shall be used and enjoyed, as well as to prohibit and prevent the flying of kites, and all practices, amusements, and doings therein having a tendency to frighten teams and horses, or dangerous to life or property. This is not an express grant of power to the city of Detroit to pass a by-law or ordinance to prohibit a person from circulating, distributing, or giving away cir-

culars, hand-bills, or advertising cards of any description, in or upon any of the public streets and alleys of said city, and to punish by fine and imprisonment in the county jail or the Detroit House of Correction for violation, and there is no such power implied in these provisions of the charter.

Even if it could be held that the charter authorized it, this part of the ordinance is not a reasonable exercise of the power granted. It is true that the miscellaneous throwing to the winds of hand-bills, circulars, or advertising cards may be an act that it would be very desirable to prohibit. Such a distribution of cards or paper of any kind would not only litter up the street, and become a nuisance upon and along the streets, sidewalks, and cross-walks, but naturally would tend to frighten teams and horses hitched upon or being driven along the streets, and great danger might be apprehended to life and limb. Yet the reasonableness or unreasonableness of an ordinance is not determined by the enormity of some offense it seeks to prevent and punish, but by its actual operation in all cases that may be brought thereunder. It is conceded in the present case that these cards were given to those only who expressed, or appeared to express, a desire for the same, and that no cards were to be seen upon the ground or sidewalk at or near the place where the defendant was distributing them; and it is not pretended that the rights of any person were interfered with by defendant, or that any teams or horses were frightened. There was no indiscriminate scattering of the papers to the winds, and the cards, of the size of one and one-half inches by three inches, contained nothing but what was legitimate and proper for publication and distribution. The card itself was not only harmless, but the words printed thereon were an invitation to a moral and Christian assembly of people, gathered together for the public

good. If this act can be classed as an offense punishable by fine and imprisonment, then the selling or distributing of newspapers upon the streets of the city would be punishable in the same way.

To render ordinances reasonable, they should tend in some degree to the accomplishment of the object for which the corporation was created and its powers conferred. The unreasonableness of this ordinance is made apparent when we consider the penalty which may be imposed for its violation,—a fine of $100, and costs of prosecution, and, in default of payment, imprisonment in the county jail or Detroit House of Correction for a period of six months. If the conviction could be sustained, then any person upon any public street or alley, anywhere within the corporate limits of the city of Detroit, giving away advertising cards, however remote the street or alley from the business centers, could be convicted and punished in like manner.

Laws which attempt to regulate and restrain our conduct in matters of mere indifference, without any good end in view, are regulations destructive of liberty. Under our Constitution and system of government the object and aim is to leave the subject entire master of his own conduct, except in the points wherein the public good requires some direction or restraint. What direction or restraint is required ·for the public good in the mere act of giving away an advertising card or handbill ? This part of the ordinance is not aimed at the littering up of the streets, or to the frightening of horses, but the offense is made complete in itself by the mere act of distributing or giving away these enumerated articles.

In *Frazee's Case*, 63 Mich. 396 (30 N. W. Rep. 72), it was held by this Court that a city ordinance providing that—

"No person or persons, association or organizations, shall march, parade, ride, or drive in or upon or through the public streets of the city of Grand Rapids, with musical instruments, banners, flags, torches, flambeaux, or while singing or shouting, without having first obtained the consent of the mayor or common council of said city,"—

Is unreasonable and invalid, because it suppresses what is, in general, perfectly lawful, and leaves the power of permitting or restraining processions to an unregulated official discretion. In that case Chief Justice CAMPBELL, speaking for the Court, said:

"No one in his senses could regard a penalty of $500 for such trivial offenses as most of those covered by this by-law as within any bound of reason."

Many decisions of the courts of other states are to be found holding by-laws, much less stringent and arbitrary in their terms, unreasonable and invalid. 1 Dill. Mun. Corp. § 253; *Clinton v. Phillips*, 58 Ill. 102; *Kip v. Paterson*, 26 N. J. Law, 298; *Commissioners v. Gas Co.*, 12 Penn. St. 318; *Com. v. Robertson*, 5 Cush. 438.

This ordinance not only does not come within the power granted by the charter, but it is also unreasonable and unwarranted.

It follows that the conviction must be set aside, the proceedings quashed, and defendant discharged.

The other Justices concurred.