IN RE ANDERSON ET AL.

FILED JULY 3, 1903. No. 13,259.

1. **Police Power:** ORDINANCE. When a municipal corporation is expressly authorized by legislation to enact a certain ordinance in execution of the police power, such ordinance stands on the same

basis as a statute, and its reasonableness or unreasonableness is not a matter for the courts except as such question would bear on the constitutionality of a statute of the same nature.

2. ———: ———: VALIDITY.  A police regulation, obviously intended as such, and not operating unreasonably beyond the occasions of its enactment, is not invalid because it may affect incidentally the exercise of some right guaranteed by the constitution.

3. ———: ———: CONSTITUTIONALITY.  An ordinance making it unlawful to circulate or distribute printed or written dodgers, handbills or circulars upon the public streets, alleys, sidewalks or public grounds of the municipality, does not contravene section 5, article 1 of the state constitution.

ERROR to the district court for Douglas county: LEE S. ESTELLE, DISTRICT JUDGE.  *Affirmed.*

*John O. Yeiser* and *Charles B. Prichard,* for plaintiff in error.

*Frank H. Gaines, James C. Kelby, John A. Story* and *George C. Martin, contra.*

POUND, C.

Section 50, chapter 12a, Compiled Statutes, 1901 (Annotated Statutes, 7499), governing cities of the metropolitan class, provides, among other things, that the mayor and council may by ordinance regulate and prohibit "the distribution or posting of advertisements or handbills in the street or public grounds, or upon the sidewalks." Pursuant to this statutory authority, the city of Omaha adopted an ordinance, known as No. 3413, in the following terms:

"It is hereby declared unlawful for any person or persons to circulate or distribute upon any of the public streets, alleys, sidewalks, or public grounds of the city of Omaha, or to scatter about, or to hand to any person on any public street, alley, sidewalk or public grounds of the city of Omaha any such dodgers, hand-bills, or circulars. It is further declared unlawful for any person, firm or corporation to employ any boy or other person to circulate or distribute any such dodger, handbill, or circular upon

any public street, alley, sidewalk, or public grounds of the city of Omaha. Any person, firm or corporation violating any of the provisions of this section shall be deemed guilty of a misdemeanor and upon conviction thereof shall be fined in any sum not less than two dollars ($2) or exceeding twenty dollars ($20)."

Complaint was made under this ordinance charging Sid Anderson and Si Johnson with unlawfully circulating and distributing upon the sidewalks and other public places in the city of Omaha printed dodgers, handbills and circulars. The police court found them guilty of distributing circulars on the sidewalks contrary to the ordinance, sentenced them to a fine of $2 and costs, and committed them to the city jail in default of payment. Thereupon application was made to the district court on their behalf for a writ of *habeas corpus,* and, upon hearing, they were remanded to the custody of the chief of police. Error is prosecuted from this judgment.

As the petitioners were convicted of distributing circulars upon the sidewalk, we need not, perhaps, consider the validity of that portion of the ordinance which makes it unlawful to hand to any person dodgers, handbills or circulars on the public streets. We may say, however, that that portion of the ordinance must obviously be construed in connection with the remainder, and that, from the whole context, it is evident that general distribution of printed matter in the form of dodgers, handbills or circulars to the public generally, or to considerable numbers of persons, is intended, and not a mere casual handing of one or more papers of that character to one or two individuals. So construed, we think, the whole ordinance is valid and constitutional. When a municipal corporation is expressly authorized by leglisation to enact a certain ordinance in execution of the police power, such ordinance stands on the same basis as a statute, and its reasonableness or unreasonableness is not a matter for the courts, except as such question would bear on the constitutionality of a statute of the same nature. 1 Dillon, Municipal Corporations, sec. 317.

Hence we need not consider whether some other or better means of meeting the evils aimed at might have been chosen. The legislature passed on that question and authorized the city to deal with the matter as it did. It is contended, however, that the ordinance is unconstitutional as being in contravention of section 5, article 1 of the state constitution, which provides that "every person may freely speak, write, and publish on all subjects, being responsible for the abuse of that liberty; and in all trials for libel, both civil and criminal, the truth when published with good motives, and for justifiable ends, shall be a sufficient defense." The ordinance in question is manifestly a police regulation intended to further the public health and safety by preventing the accumulation of large quantities of waste paper upon the streets and alleys, which might occasion danger from fire, choke up and obstruct gutters and catch-basins, and keep the streets in an unclean and filthy condition. A police regulation, obviously intended as such, and not operating unreasonably beyond the occasions of its enactment, is not invalid simply because it may affect incidentally the exercise of some right guaranteed by the constitution. In all matters within the police power some compromise between the exigencies of public health and safety and the free exercise of their rights by individuals must be reached. The test in such cases is whether the regulation in question is a *bona fide* exercise of the police power or an arbitrary and unreasonable interference with the rights of individuals under the guise of police regulation. *Wenham v. State*, 65 Neb. 394. The ordinance in question is clearly a valid police regulation. It has no reference to or connection with freedom of speech or of the press, and its plain purpose is, not to interfere with the publication of sentiments and opinions of individuals, but to promote the cleanliness and safety of the municipality. In *State v. Bair*, 92 Ia. 28, a statute imposed a license tax upon itinerant venders of drugs publicly professing "by writing or printing" to treat diseases. It was held that this act did not interfere with the constitutional right of freely

47

speaking, writing or publishing one's opinions. In *United States v. Newton*, 20 D. C. 226, an act of congress prohibiting persons from soliciting or receiving political contributions in any room or building officially occupied by any officer or employee of the United States was held applicable to private citizens as well as to public officers, and not to contravene the constitutional guaranty of free speech. In *Beck v. Railway Teamsters Protective Union*, 118 Mich. 497, 77 N. W. 13, it was held that a court of equity would restrain the publication of a boycotting circular which would result in irreparable injury to the plaintiff and destruction of its proprietary rights, and that such an injunction was not in violation of a provision of the constitution of Michigan in substantially the same words as the provision of our own constitution under consideration. Similarly, a statute forbidding public meetings in a public park has been held valid as an exercise of the police power and not in contravention of the constitutional right of free speech. *Commonwealth v. Davis*, 162 Mass. 510, 39 N. E. 113.

We therefore recommend that the judgment of the district court be affirmed.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.