(No. 20316.—

THE CITY OF CHICAGO, Appellee, *vs.* ANNA SCHULTZ, Appellant.

*Opinion filed October 25, 1930.*

Albert Goldman, and David Bentall, (Bernard Stol, of counsel,) for appellant.

Samuel A. Ettelson, Corporation Counsel, and Frank Peska (George Sugarman, and Ransom E. Walker, of counsel,) for appellee.

Mr. Justice Orr delivered the opinion of the court:

Anna Schultz was arrested in February, 1930, at Forty-third street and Ashland avenue, in Chicago, for distributing handbills in violation of a Chicago ordinance. She waived a jury trial and her case was heard before a judge of the municipal court of Chicago, where she was found guilty and fined. An appeal was perfected to this court, the trial judge certifying that the validity of a municipal ordinance is involved.

At about 6:30 on the morning of her arrest defendant was handing circulars to persons passing along the sidewalks on their way to work. She was not charged with creating any disturbance but only with an unlawful distribution of circulars or advertising matter, in violation of section 366 of the Chicago municipal code of 1922, which reads as follows: "It shall be unlawful for any person, firm or corporation, whether a licensed bill-poster or sign painter or not, to distribute, hand out or scatter upon any street, avenue, alley, sidewalk or other public place in the city of Chicago, any circular, dodger, handbills, pamphlet,

card, picture, or any advertising matter of any kind whatsoever, or to distribute handbills or other advertising matter at houses, stores or places of business, otherwise than by putting the same under doors or in letter-boxes connected with the houses, stores or places of business, and when so distributing, no bell connected with the houses, stores or places of business shall be rung."

It is contended by defendant that section 366 of the Chicago municipal code of 1922 is unreasonable and invalid, and that if it is not entirely invalid it must be construed to prohibit only commercial advertising matter. Her contention is that this section was intended only to prevent the littering up of the streets with commercial advertising matter, but that the ordinance as worded is so broad that its strict enforcement would lead to absurd and unreasonable consequences and violate fundamental rights.

A municipal corporation possesses and can exercise only those powers which are granted in express words, which are necessarily implied in or incident to the powers expressly granted, and such as are essential—not merely convenient but indispensable—to the accomplishment of the declared objects and purposes of the corporation. (*Consumers Co. v. City of Chicago,* 313 Ill. 408.) The legislature has delegated certain powers to the city by the general Incorporation act, under which it was organized. Section 1 of article 5 of the act (Smith's Stat. 1929, chap. 24, p. 350,) grants certain powers to the city council, among which are the following: Clause 9, "To regulate the use of the same," (streets). Clause 14, "To regulate the use of sidewalks," etc. Clause 15, "To regulate and prevent the throwing or depositing of ashes, offal, dirt, garbage, or any offensive matter in, and to prevent injury to, any street, avenue, alley or public ground." Clause 17, "To regulate and prevent the use of streets, sidewalks, and public grounds for signs, sign posts, awnings, awning posts, telegraph poles, horse troughs, racks, posting handbills and advertisements."

Clause 18, "To regulate and prohibit the exhibition or carrying of banners, placards, advertisements or handbills in the streets or public grounds, or upon the sidewalks." Clause 66, "To regulate the police of the city or village and pass and enforce all necessary police ordinances." Clause 92, "To prevent and regulate the rolling of hoops, playing of ball, flying of kites, or any other amusement or practice having a tendency to annoy persons passing in the streets or on the sidewalks, or to frighten teams and horses."

From the foregoing provisions it will be seen that the legislature has not expressly granted power to cities enabling them to prohibit the distribution and handing out of "any circular, dodger, handbills, pamphlet, card, picture, or any advertising matter of any kind whatsoever," on streets and sidewalks. Clause 18 enables cities to regulate and prohibit the exhibition or carrying of advertisements or handbills in the streets or upon the sidewalks, but this is not a specific grant of power broad enough to include the distribution or handing out of any such circulars. Therefore if the city has authority to pass such an ordinance it must be either under its power to regulate streets (clause 9) or under its general police powers delegated by clause 66, and it must be a reasonable regulation, tending in some degree toward the prevention of offenses or preservation of public health, morals, safety or welfare. (*Consumers Co.* v. *City of Chicago, supra; Village of Kincaid* v. *Vecchi,* 332 Ill. 586.) Statutes granting powers to municipal corporations are strictly construed, and any fair and reasonable doubt as to the existence of the powers must be resolved against the municipality. *Barnard & Miller* v. *City of Chicago,* 316 Ill. 519.

If, as contended by the city, the ordinance in question was authorized under the general police powers of the city, it would then remain to be seen whether the municipal authorities have in this case reasonably exercised such power. The only essential and universal limitation upon the exercise

of the police power is that the regulation shall be reasonably necessary and reasonably exercised. (*City of Chicago* v. *Gunning System*, 214 Ill. 628.) It is likewise true that if this ordinance is to be justified under the general powers granted to a municipality under clause 9 above referred to, wherein the city is given power to regulate the use of its streets, the same test of reasonableness must be applied. Although this power of regulation has been conferred upon the city council, the legislature has not specified the precise manner in which it shall be exercised, and therefore the reasonableness of the exercise of the power by the council is open to inquiry by the courts. (*Haggenjos* v. *City of Chicago*, 336 Ill. 573.) The ordinance in question seems to be directed against the distribution on the streets and sidewalks of advertising matter of any kind. Its provisions are so broad and inclusive that they prohibit any person from handing another person his card or picture on any street, sidewalk or other public place in the city of Chicago. There is no express grant of power to a city which enables it to pass an ordinance prohibiting a person from handing out a circular, card, picture or advertising matter of any description whatsoever, in or upon its public streets or sidewalks. Such power, if implied, must be reasonably exercised. The handing out on a public street, sidewalk or public place of a "circular, dodger, handbills, pamphlet, card, picture, or any advertising matter of any kind whatsoever," is not, of itself, any offense. On the contrary, such practices, as a general rule, are harmless incidents of our everyday life. If this ordinance should be upheld, every person who hands his card or picture to another while on a public street or sidewalk or in a public place within the city of Chicago will be subject to a fine. The ordinance also prohibits the handing out or distribution "of any advertising matter of any kind whatsoever," and it would seem that under this broad restriction the distribution of newspapers would also be prohibited, as they all contain advertising

matter. Laws which attempt to regulate and restrain our conduct in matters of mere indifference, without any good end in view, are regulations destructive of liberty. Under our constitution and system of government the object and aim are to leave the individual entirely master of his own conduct, except where the public good requires some direction or restraint.

In *People* v. *Armstrong*, 73 Mich. 288, 41 N. W. 275, the ordinance involved was almost identical with the ordinance in question here. The defendant was there convicted of passing out Y. M. C. A. invitation cards to people on the sidewalk. In holding the ordinance unreasonable and void the Supreme Court of Michigan said: "What direction or restraint is required for the public good in the mere act of giving away an advertising card or handbill? This part of the ordinance is not aimed at the littering up of the streets or to the frightening of horses, but the offense is made complete in itself by the mere act of distributing or giving away these enumerated articles."

The city of Chicago had no authority, express or implied, to pass an ordinance containing the sweeping restrictions found in section 366. The ordinance is not a reasonable exercise of its police powers. Its strict enforcement would unreasonably hamper persons in the conduct of their affairs. In the broad language used in the ordinance the city has attempted to regulate and control the habits and practices of the citizen without any reasonable basis for so doing. The ordinance in its present form is an unreasonable interference with the private rights of the citizen and must be held void.

The judgment of the municipal court of Chicago is therefore reversed, and since no judgment can be sustained under the ordinance the cause will not be remanded.

*Judgment reversed.*