[Civ. No. 7673. Second Appellate District, Division Two.—January 27, 1931.]

A. SIEROTY, Appellant, v. CITY OF HUNTINGTON PARK (a Municipal Corporation) et al., Respondents.

Benjamin & Benjamin and Aaron Elmore for Appellant.

Arch G. McLay for Respondents.

ARCHBALD, J., *pro tem.*—This is an appeal upon the judgment-roll from a judgment against plaintiff in the superior court after defendants' demurrer to the complaint was sustained.

Plaintiff filed his complaint to enjoin respondent City of Huntington Park, its mayor, chief of police, trustees and councilmen from arresting or otherwise interfering with plaintiff in the distribution of an advertising publication in said city. The complaint sets out two counts, and appellant for the purposes of this appeal concedes the correctness of the ruling of the trial court as to the first. The second alleges in substance that the plaintiff at all times mentioned was the owner and publisher of an advertising publication known as "Better Home Furnishing Facts", which was distributed by plaintiff to the "homes and residences" throughout Los Angeles County and particularly in said City of Huntington Park; that plaintiff's business of distributing such publication developed into a profitable one; that said publication and the matter contained therein "are not indecent or offensive in any respect" and are identical in "form and content to a large degree with advertising matter published in a large number of newspapers distributed throughout said county and said City of Huntington Park". The complaint further alleges that on or about January 21, 1929, said city enacted an ordinance providing as follows: "Section 1. It shall be unlawful for any person, firm or corporation to distribute or cause to be distributed in the City of Huntington Park any hand bill or other printed or written advertising matter by placing or causing the same to be placed in any automobile, or in any yard, or on any porch, or in any mailbox in said city, not in the possession or under the control of the party so distributing the same. Section 2. The provision of this ordinance shall not be deemed to apply to any newspaper or other publication printing news of a general nature, or keeping advertising space therein open to the public for the publication therein of general advertis-

ing matter." The ordinance then provides that anyone violating the provisions thereof shall be guilty of a misdemeanor and upon conviction shall be fined in a sum not exceeding $300 or imprisoned in the city or county jail for a period not exceeding three months, or both.

No question is raised as to the authority of the council to pass such an ordinance if it be free from the alleged defects.

Appellant contends that the court erred in sustaining the demurrer and entering judgment thereafter, because the ordinance is unconstitutional and void by reason of (a) its discriminating classifications and (b) because it is prohibitory. Counsel for appellant concede that there exist causes for exempting newspapers from the effect of such an ordinance, but say that in the "novel classification" excepting "other publications printing news of a general nature or keeping advertising space therein open to the public for the publication therein of general advertising matter" lies the vice of this particular enactment. The ordinance is directed against hand-bills and advertising matter of a particular or special nature and put out by one advertiser. Counsel argue that "if one person buys all the space in such a publication its distribution is prohibited; whereas if more than one person advertises (assuming the publication is open to the public in the latter instance), then its distribution is not prohibited", and that availability to the public of space is not a reasonable or constitutional basis for classification, as there is no inherent difference between the distribution of free publications where the content is paid for by one person and those in which the content is paid for by many persons.

Section 2 of the ordinance excepts from its application newspapers, which counsel admit is a reasonable exception, and also (1) other publications "printing news of a general nature" or (2) "keeping advertising space therein open to the public for the publication therein of general advertising matter". The purpose of the ordinance is undoubtedly to prevent the littering of the streets with quantities of waste paper, which might not only occasion fire, but choke up and obstruct gutters and drains, all to the great detriment of the general welfare. It permits the distribution of advertising publications also "printing news of a general nature", and there would seem to be a very reason-

able basis for such an exception, for it is reasonable to suppose that such a publication would be taken from the automobile, yard, porch or mail-box where it was deposited in the course of distribution, into the house, by reason of the content of such a publication being of a more general interest than one consisting purely of advertising matter, and consequently that it would not be left to the caprice of the winds to litter the streets and walks. The same is true of a publication in which advertisers generally are permitted to hold out to the public the varied and general lines of merchandise they are selling. Some of the people whose private property is made the involuntary receptacle for such a publication would be interested in the attractive bargains shown in one line of merchandise and some in another, with the result that it is fair to assume that the number of copies of such a publication that would find their way into the streets would be very inconsiderable as compared to a publication advertising a more limited number of lines sold by one advertiser. And it is a matter of common knowledge that most people have a preference for trading with certain business houses and are constantly on the lookout for bargains advertised by those particular establishments, so the diversity of advertisers alone would reasonably serve to tend to prevent the very thing the ordinance is enacted to prevent. The classification made would seem to be based on reason and to be not arbitrary, and if the ordinance discriminates against appellant's business as compared with other advertisers of the same line of merchandise it is by reason of the nature of his publication. Such discrimination appearing to us to be based on distinctions that we cannot say are unreasonable or arbitrary, it is within the jurisdiction of the council to make. (*Quong Wing* v. *Kirkendall*, 223 U. S. 59 [56 L. Ed. 350, 32 Sup. Ct. Rep. 192, see, also, Rose's U. S. Notes.])

It might be urged that if such a publication were deposited in a mail-box it would be beyond the reach of the wind and beyond the jurisdiction of the council to legislate against, as the act of so depositing the publication could not affect the public welfare even though it might raise the ire of the owner of the mail-box. We think it also a matter of common knowledge that when an individual finds his mail-box stuffed with something in which he has no interest

and which the receptacle was not made to receive, his frame of mind is such that the offending publication is usually given to the wind very promptly, resulting in the probability of its reaching a destination in the street or alley or on the sidewalk; so we cannot say that the council has gone beyond its jurisdiction in prohibiting the deposit in mail-boxes of a publication that is so likely to be detrimental to the pubilc by reason of its content.

Counsel for appellant also contend that the ordinance is prohibitive. It is directed against the deposit of the proscribed publication in four places only: In an automobile, in any yard, on any porch or in any mail-box in such city not in the possession or under the control of the party distributing the same. The council has selected the four places where deposit of a publication in which the householder is not interested would most likely result in the very thing the ordinance is directed against. There is nothing to prevent distribution to the householder at the door if he is interested in the publication, or to individuals, and appellant could probably obtain the consent of interested householders to deposit the publication on their porches or in their mail-boxes, or could change the form of his publication so as to bring it within the excepted classes. We therefore cannot see that distribution is prohibited.

In our opinion the ordinance in question is a valid exercise of the police power of the city. It is not prohibitive, but regulates matters over which the council had jurisdiction; and as the manner and extent of such regulation is for legislative determination and appears not to have been exercised in an arbitrary or unreasonable manner, we cannot interfere. (*In re Anderson,* 69 Neb. 686 [5 Ann. Cas. 421, 96 N. W. 149].)

Judgment affirmed.

Works, P. J., and Craig, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 25, 1931, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 26, 1931.

Shenk, J., and Preston, J., dissented.