90 Cal.App.2d Supp. 881 (1949)
THE PEOPLE, Respondent,
v.
HOWARD MARTIN UFFINDELL, Appellant.
California Court of Appeals. 
Feb. 1, 1949.
 Holt & Macomber for Appellant.
 Jean F. DuPaul, City Attorney, Hoyt E. Ray, City Prosecutor, and Jordan Neville Peckham, Assistant City Prosecutor, for Respondent.
 BURCH, J.
 The appellant operates an auto repair shop. He advertised his business by affixing handbills to automobiles [90 Cal.App.2d Supp. 882] (of others) parked on the public streets of San Diego. While so engaged he was arrested, charged, tried and convicted of violating a penal ordinance of the city which provides, so far as material here, that ... "it shall be unlawful to deposit ... in or on any motor vehicle parked on any street in the City of San Diego ... any ... advertising matter." The question is whether the application of the ordinance to the appellant's activity was, in the circumstances, an unconstitutional abridgement of the freedom of the press and of speech, or an unwarranted interference with the conduct of a lawful business by the municipal authority.
 Our review of the decisions indicates to us that one who bases his defense upon the right of freedom of the press is in a preferred position before the courts. That right is one of the four important guarantees of the First Amendment of the federal Constitution, and along with freedom of speech, freedom of religious belief, and freedom of assembly, controls, through the Fourteenth Amendment, states and their political subdivisions. When such a claim of right is set up to justify the violation of a municipal ordinance that regulates the use of the streets in the interests of the movement of people and property, the regulation will be carefully examined to insure that the restraint of freedom is reasonable in the interests of the general welfare and the convenience of the public. These considerations have led the courts to hold that a police regulation, though presumptively valid, will fall if it seeks to prevent the distribution in an orderly manner to willing recipients of handbills publicizing ideas and opinions, or meetings where matters of religion, politics, laws or social questions are to be discussed. When a distribution, however, is to advertise a private business conducted for profit, unconnected with the stated freedoms of the First Amendment, the rule is otherwise.
 [1] We find the rule to be that the freedom of press guaranteed by the First Amendment of the federal Constitution, and made applicable to the states by the Fourteenth Amendment, has no application to the distribution of handbills on the streets for purely commercial advertising. (Valentine v. Christensen, 316 U.S. 52, 54 [62 S.Ct. 920, 86 L.Ed. 1262]; Jamison v. Texas, 318 U.S. 413, 417 [63 S.Ct. 669, 87 L.Ed. 869]; Murdock v. Pennsylvania, 319 U.S. 105, 108 [63 S.Ct. 870, 891, 87 L.Ed. 1292, 146 A.L.R. 81].)
 When the claim is made under article I, section 9 (Freedom of Speech and Press) of the state Constitution, the rule as [90 Cal.App.2d Supp. 883] regards purely commercial advertising is the same. (In re Porterfield, 28 Cal.2d 91, 101 [168 P.2d 706, 167 A.L.R. 675].)
 In the Porterfield case, the defendant was a paid representative of union labor. His plea of freedom of speech and press prevailed against the presumption in favor of legislation which, if valid, would have forbidden his solicitation for members. A similar problem existed in the Murdock case, except the defendant justified under the guarantee of freedom of religious expression. The vital judicial question in both cases was to determine whether the particular activity was protected by the guarantees of the First Amendment, on the one hand, or was purely commercial on the other. No such question is presented here, for the record before us discloses a stipulation that defendant distributed leaflets advertising his auto repair shop--a purely commercial enterprise.
 The general rule must prevail against defendant's contention that he has been denied the freedom of speech and press guaranteed by the federal and state Constitutions.
 Defendant's last contention is that the prohibition of the ordinance constitutes an arbitrary and unreasonable restraint upon the conduct of a lawful business. We held in People v. Taylor, 33 Cal.App.2d Supp. 760 on page 761 [85 P.2d 978], "that article XI, section 11 of the state Constitution delegates directly to inferior governmental agencies the police power in their respective localities and that the power so delegated is as broad as that of the legislature itself provided only that its exercise by any city must be confined to such city and must not conflict with the general laws ..." This power carries with it the duty that may not be delegated or impaired, to regulate and control the use of the city streets for the primary purpose to which they are dedicated, which is to keep such thoroughfares open for the movement of people and property. (McNeil v. City of South Pasadena, 166 Cal. 153 [135 P. 32, 48 L.R.A.N.S. 138]; Pittsford v. City of Los Angeles, 50 Cal.App.2d 25 [122 P.2d 535]; Young v. People of State of California, 308 U.S. 147 [60 S.Ct. 146, 84 L.Ed. 155].) Hence the ordinance in question comes within the class of a proper legislative purpose. The court in such a case is required to uphold the ordinance unless it be adjudged arbitrary or discriminatory (In re Fuller, 15 Cal.2d 425 [102 P.2d 321]) or unduly burdensome or unreasonable. (Gospel Army v. City of Los Angeles, 27 Cal.2d 232, 237 [163 P.2d 704].) In answering this question, we are unable to say that [90 Cal.App.2d Supp. 884] as applied to defendant's conduct the restraint set up is in any way unreasonable. We are concerned only with provisions in the ordinance which apply to the particular defendant's case (McKay Jewelers, Inc. v. Bowron, 19 Cal.2d 595 [122 P.2d 543, 139 A.L.R. 1188]; Max Factor & Co. v. Kunsman, 5 Cal.2d 446 [55 P.2d 177]; Scheerer & Co., Inc. v. Deming, 154 Cal. 138 [97 P. 155]; Estabrook Co. v. Industrial Acc. Com., 177 Cal. 767 [177 P. 848]; People v. Globe Grain & Milling Co., 211 Cal. 121 [294 P. 3]). Since the defendant sought to affix his handbills without permission or knowledge of the owners of the parked automobiles on the street, his conduct exceeded considerate action. It is not unreasonable that the authorities might expect some littering of the streets to be provoked by irritation on the part of some of the owners of the parked cars. The conduct of private business on the public streets is not a private right and the city authorities may prevent the distribution of handbills thereon for purely commercial advertising.
 Judgment is affirmed.
 Turrentine, P. J., and Glen, J., concurred.