Per Curiam.
 

 Plaintiffs appeal as of right from a trial court order granting defendant township’s motion for summary disposition. Plaintiffs had challenged the constitutionality of an ordinance requiring certain commercial vehicles passing through the township to use designated “truck routes.” We affirm.
 

 MCL 257.726 provides in pertinent part:
 

 (1) Local authorities and county road commissions with respect to highways under their jurisdiction, except state trunk line highways, by ordinance or resolution, may do any of the following:
 

 (a) Prohibit the operation of trucks or other commercial vehicles on designated highways or streets.
 

 (b) Impose limitations as to the weight of trucks or other commercial vehicles on designated highways or streets.
 

 (c) Provide that only certain highways or streets may be used by trucks or other commercial vehicles.
 

 Relying on this statutory provision, defendant enacted York Township Ordinance No. 75, which required, in pertinent part, commercial vehicles in excess of 10,001 pounds to use designated truck routes when passing through the township.
 

 Plaintiffs, as nonresident operators of commercial vehicles subject to the ordinance, filed a complaint alleging that the ordinance created “an unreasonable prohibition against the operation of commercial motor vehicles in York Township.” Plaintiffs noted
 
 *526
 
 that the designated track routes added several miles to their trip through York Township, and that the added time and distance imposed a financial burden that would threaten their competitiveness in the marketplace. As such, plaintiffs sought to permanently enjoin defendant from enforcing the ordinance. Ultimately, the trial court granted defendant’s motion for summary disposition.
 

 On appeal, plaintiffs contend that the trial court erroneously failed to consider the reasonableness of the ordinance. We review de novo a trial court’s decision on a motion for summary disposition.
 
 Diehl v Danuloff,
 
 242 Mich App 120, 122; 618 NW2d 83 (2000). Similarly, we review de novo conclusions of law.
 
 Walters v Snyder,
 
 239 Mich App 453, 456; 608 NW2d 97 (2000).
 

 In
 
 People v Armstrong,
 
 73 Mich 288, 292-293; 41 NW 275 (1889), our Supreme Court opined:
 

 Where the legislature, in terms, confers upon a municipal corporation the power to pass ordinances of a specified and defined character, if the power thus delegated be not in conflict with the Constitution, an ordinance passed pursuant thereto cannot be impeached as invalid because it would have been regarded as unreasonable if it had been passed under the incidental power of the corporation, or under a grant of power general in its nature. In other words,
 
 what the Legislature distinctly says may be done will not be set aside by the courts, unless in conflict with the constitution, because they may deem it unreasonable.
 
 But where the power to legislate on a given subject is conferred, but the mode of its exercise is not prescribed, then the ordinance passed in pursuance thereof must be a reasonable exercise of the power, or it will be pronounced invalid. [Emphasis added.]
 

 
 *527
 
 Here, MCL 257.726(1) represents a plain example of the Legislature “distinctly” saying what a township may do; that is, townships, with respect to highways within their jurisdiction, may “[prohibit the operation of trucks or other commercial vehicles on designated highways or streets” or “provide that only certain highways or streets may be used by trucks or other commercial vehicles.” Plaintiffs do not contend that MCL 257.726(1) conflicts with any constitutional provision. Consequently, the trial court was not required to consider the reasonableness of the ordinance.
 
 [1]
 

 Armstrong, supra
 
 at 292-293.
 

 Affirmed.
 

 [1]
 

 To be sure, if the Legislature had not enacted MCL 257.726(1), and defendant enacted the ordinance solely on the basis of the power conferred by Const 1963, art 7, § 29, the reasonableness of the ordinance could be challenged. Alternatively, if the Legislature had vaguely empowered defendant to “regulate commercial vehicle traffic,” the trial court would have been required to consider the reasonableness of the ordinance.
 
 Armstrong, supra
 
 at 292-293. However, where, as here, the Legislature plainly indicated, by statute, the measures by which local authorities may regulate commercial vehicle traffic, absent a challenge to the constitutionality of the underlying statute, an ordinance enacted pursuant to the statute may not be challenged as unreasonable.